UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WARREN WASHINGTON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:24 CV 715 JMB |
| CITY OF ST. ANN, AMY POELKER, OFFICER JANE DOE, OFFICER F/N/U WEISS, and OFFICER JOHN DOE, | ) ) ) ) ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Warren Washington's Motion to Remand (Doc. 14) and Defendants City of St. Ann and Amy Poelker's Motion to Dismiss (Doc. 16). For the reasons set forth below, the Motion to Remand is **GRANTED** and the Motion to Dismiss is **MOOT**.

**Background**

Plaintiff Warren Washington filed a complaint on May 13, 2024, in the St. Louis County, Missouri Circuit Court, alleging claims related to his interactions with St. Ann, Missouri police officers (Doc. 1-1, pp. 3-7). He alleges that he was unlawfully arrested by a police officer on April 6, 2022 for a minor traffic offense, that he was questioned about a restraining order he secured against a former girlfriend, and that he was detained overnight. He further claims that upon his release, a police officer appeared at his home and looked around his backyard and truck without a warrant. Next, he asserts that when the former girlfriend appeared at his house and he called the police, the officer refused to enforce the order of protection. Finally, he asserts that when he complained about the police conduct, he was subjected to surveillance. He asserted three grounds

for relief in his original complaint, deprivation of his "freedom and liberty" in violation of state law (Count I), false imprisonment (Count II), and violation of his Fourteenth Amendment due process rights. Accordingly, Defendants St. Ann, Missouri and Amy Poelker removed this action on May 22, 2024 (Doc. 1) pursuant to this Court's federal question jurisdiction. 28 U.S.C. § 1331.

On June 18, 2024, Plaintiff filed an amended complaint setting forth nearly identical factual allegations but removing explicit reference to federal law (Doc. 13). Plaintiff now alleges claims for "garden variety emotional distress" (Count I), false imprisonment (Count II), and intentional infliction of emotional distress (Count III) – claims that appear to be based solely on state law. Shortly thereafter, Plaintiff filed his motion to remand, claiming that he is not asserting any claims that implicate federal law. In their motion to dismiss, the moving Defendants argue that Plaintiff fails to state a claim, that his claims are unsupported by sufficient factual allegations, that his constitutional claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994), that he has failed to allege a municipal liability claim, that the state law claims are barred by sovereign immunity, and that there is no private right of action for false imprisonment as alleged (Doc. 17). In response to the motion to dismiss (Doc. 18), Plaintiff briefly responds to the arguments made and essentially states that his claims are based only on state law.

## Discussion

This Court has an independent obligation to determine whether subject matter jurisdiction exists. Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). If it appears that this Court lacks jurisdiction, this case must be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c); Wallace v. ConAgra Foods, Inc., 747 F.3d 1025, 1033 (8th Cir. 2014). All doubts about whether removal was proper are resolved in favor of remand. Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009). Defendants, as the

proponents of jurisdiction bear the burden of establishing federal jurisdiction. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969).

When removal is based on federal question jurisdiction, the claim must "aris[e] under the Constitution, laws, and treaties of the United States." 28 U.S.C. § 1441(c)(1). Whether a claim arises under federal law is determined by the contents of a well pleaded complaint: "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Wullschleger v. Royal Canin U.S.A., Inc., 953 F.3d 519, 520 (8th Cir. 2020). Because Plaintiff is currently asserting state law claims, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 314 (2005); Moore v. Kansas City Public Schools, 828 F.3d 687, 691-692 (8th Cir. 2016).[1]

Defendants argue that the Amended Complaint is replete with references to the United States Constitution and that his claims are solely actionable through 42 U.S.C. § 1983. Certainly, the factual allegations in his amended complaint set forth allegations that would support federal civil rights claims even though Plaintiff has attempted to excise all explicit reference to federal law. In Plaintiff's amended complaint, he claims:

1. This Complaint arises as a result of an unlawful arrest and detainment . . . .

***

9. Neither charge should have resulted in arrest.

---

[1] When this matter was removed, this Court had subject matter jurisdiction because of the federal questions raised in the original complaint. Even though subject matter jurisdiction existed at the time of removal, this matter may be remanded once the basis for jurisdiction no longer exist upon the filing of an amended complaint. Wullschleger v. Royal Canin U.S.A., Inc., 75 F.4th 918, 924 (8th Cir. 2023) (remanded a case where "amending a complaint to eliminate the only federal questions destroys subject-matter jurisdiction"), cert. granted, __ U.S. __, 144 S.Ct. 1455 (2024).

*** 

11.  [T]he arresting female officer appeared at Mr. Washington's St. Ann home without cause and walked the grounds of Mr. Washington's residence.

***

13.  The female officer was found looking around Mr. Washington's back yard and truck without a warrant or provocation on the same day.

***

22.  Mr. Washington has the constitutional right to be free of St. Ann Police Departments' [sic] wrongful arrest.

23.  Mr. Washington has the constitutional right against the St. Ann Police Departments [sic] wrongful imprisonment.

***

32.  The City of St. Ann has engaged in behavioral patterns and practices that deprived Mr. Washington of rights guaranteed by the United States Constitution.

***

40.  The Defendants continue to deprive Mr. Washington of his liberty without cause.

(Doc. 13).  As to Count I, which is cryptically pled as a "Garden Variety Emotional Distress," Plaintiff instead claims that he was "deprived of his freedom and liberty . . . without cause" (Id. ¶ 43).  He further claims that he was "not provided legal judicial review before he was deprived of his personal liberty" and that Defendants have "engaged in a pattern and practice of depriving citizens . . . of liberty without cause" (Id. ¶¶ 44, 46).

Nonetheless, because Plaintiff is the master of his claims, he has disavowed any federal claims he may have by explicitly stating that his claims are based on state law in his amended

complaint and in his motion to remand.[2]  As such, it is clear from the pleading, the motion to remand, and his response to the motion to dismiss, that Plaintiff does not contend that Defendants allegedly violated his constitutional rights.  Indeed, he appears to have waived all such claims.[3]  Instead, he alleges that he suffered emotional distress as a result of the officers' actions and that they falsely imprisoned him.  Both of these claims are based on state law even though they make reference to his civil rights.  Gibson v. Brewer, 952 S.W.2d 239, 249 (Mo. 1997) (setting forth the elements of intentional infliction of emotional distress); Highfill v. Hale, 186 S.W.3d 277, 280 (Mo. 2006) ("False imprisonment, also called false arrest, is the confinement, without legal justification, by the wrongdoer of the person wronged." (quotation marks and citation omitted)).

## Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. 14) is **GRANTED** and Defendants' Motion to Dismiss (Doc. 16) is **MOOT**.  This matter is remanded to the Circuit Court of St. Louis County, Missouri.  The Clerk of Court is directed to terminate this matter on the Court's docket.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

Dated this 24th day of September, 2024

---

[2] Unlike the plaintiff in Miller v. Clark, 2013 WL 12156800 (W.D. Mo. 2013), which Defendants cite for the proposition that a pleading's substantive allegations and not the headings are controlling, Plaintiff Washington is represented by counsel.

[3] As noted by Defendants, Plaintiff cannot assert civil rights claims based on the Missouri Constitution.  See Moody v. Hicks, 956 S.W.398, 402 (Mo. App. Ct. 1997).